IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT LAMONT KIZER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00287 ) |
| JOSH MCDONALD, et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) ) |

**ORDER**

Robert Kizer, formerly an inmate of the Houston County Jail in Erin, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

By Order entered April 17, 2023, the Court notified Plaintiff of deficiencies in his IFP application that required its denial without prejudice to refiling. (Doc. No. 4.) The Court directed the Clerk to provide Plaintiff with a form for filing a new IFP application, and Plaintiff was ordered to either file a new IFP application on the form provided or pay the full filing fee within 30 days. (*Id.* at 2.) He was explicitly cautioned that failure to do so may result in the dismissal of this case for want of prosecution and the assessment of the full filing fee against his inmate trust account. (*Id.*)

The Court's April 17 Order was mailed to Plaintiff's address of record—the Houston County Jail—but did not find him there; instead, it was returned to the Court on April 26, marked "not deliverable." (Doc. No. 5.) The Tennessee Department of Correction's felony offender

database, of which the Court takes judicial notice,[1] reveals that Plaintiff is currently serving his split-confinement sentence on probation. *See* https://foil.app.tn.gov/foil/details.jsp (last visited June 7, 2023). Thus, not only has Plaintiff failed to resolve the matter of the filing fee, he has also failed to meet his obligation under this Court's Local Rules to keep the Court apprised of a "current address and [any] other contact information," a failure which "may result in dismissal of the action with or without prejudice." M.D. Tenn. L.R. 41.01(b).

Accordingly, pursuant to Local Rule 41.01(b) and the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute," *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013), this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Federal Rule of Evidence 201 permits judicial notice of adjudicative facts that are "not subject to reasonable dispute," including those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicially noticeable facts thus include "public records and government documents available from reliable sources on the Internet." *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021) (quoting *Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *3 (E.D. Tenn. Apr. 27, 2020)).